**\*\*E-filed 12/13/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

EDWARD M. KRUG,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

No. C 11-5190 RS

**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND IN PART**

Plaintiff Charles M. Krug filed this action in Sonoma Superior Court challenging foreclosure proceedings that have been initiated on his residential property in connection with a re-financing loan he obtained from World Savings Bank in 2005. Defendants removed the case to this Court, asserting jurisdiction based on federal question and/or diversity of citizenship. Defendants now move to dismiss the complaint for failure to state a claim. Krug, in turn, moves to remand the action to state court, contending the removal was untimely. Pursuant to Civil Local Rule 7-1(b), the motions are suitable for disposition without oral argument, and the hearing set for December 15, 2011 is vacated. For the following reasons, the motion to remand will be denied, and the motion to dismiss will be granted, with leave to amend in part.

A. <u>Motion to Remand</u>

Despite some quibbling as to when particular defendants may have been served, the parties are in agreement that the time period for filing a notice of removal began to run on September 22, 2011, when at least some defendants were served. Krug's motion to remand was originally

premised on the notion that the Notice of Removal filed in this Court 32 days later, on October 24, 2011, was untimely.[1] As defendants correctly point out, however, the 30th day after service fell on a Saturday, October 22, 2011. By operation of Rule 6 of the Federal Rules of Civil Procedure, the time for filing the Notice of Removal was therefore extended to the following Monday, October 24, 2011, and defendants' filing was timely.

On reply, Krug argues that even assuming October 24, 2011 was the deadline, defendants failed to *complete* the removal in a timely manner, because they did not give notice to the Sonoma Superior Court until the following day, October 25, 2011. The statute, however, only requires that the Notice of Removal itself be filed in the federal court within 30 days. 28 U.S.C. §1446 (a) and (b). Thereafter, the removing party is obligated only to give written notice to adverse parties and to file a copy of the Notice with the state court "promptly." 28 U.S.C. §1446 (c). Defendants complied with that requirement by filing a copy of the Notice of Removal in Sonoma Superior Court the next calendar day.

The only remaining issue, therefore, is whether a default entered by the Sonoma Superior Court against defendants on October 25, 2011 should be given effect. Generally, rulings made by the state court *prior* to removal remain in effect, while any acts taken by the state court *after* removal are automatically void. *See* 28 U.S.C.§1446(d) ("the State court shall proceed no further unless and until the case is remanded"). Here, Krug has submitted evidence that the default was entered the day after the Notice of Default had been filed in this Court, but several hours before a copy of the notice was filed in the state court. Thus, there is a legitimate argument that the state court had not yet been divested of jurisdiction to act at the time the default was entered. Notwithstanding the conclusion above that the 30 day deadline applies solely to when a Notice of Removal must be filed in federal court, §1446(d) provides that the state court clerk shall "effect the

---

[1] Krug mistakenly refers to the Notice of Removal as an "Order of Removal." Pursuant to 28 U.S.C. § 1446(b), a removal is initiated by notice filed by a defendant. No court order is required. Krug also incorrectly calculates 33 days as having elapsed between September 22nd and October 24th, rather than 32. That error, however, does not in itself defeat his contention that the notice was filed outside the standard 30 day period for removal.

1  removal," and that the court is thereafter barred from acting, only upon filing of a copy of the Notice
2  of Removal in the state court.

3  Nevertheless, under these circumstances, there plainly would be good cause for this Court to
4  set aside the default; indeed, failing to do so upon request likely would be an abuse of discretion.
5  Nor would it be in the interests of justice to insist on delaying this matter while formal application
6  for relief from default could be made.  Accordingly, whether better characterized as void in the first
7  instance, or as having been deemed set aside, the default will not be given effect.   The motion to
8  remand is denied, and defendants' motion to dismiss will be considered on the merits.

B. Motion to Dismiss

1. *Legal Standards*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Additionally, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or

mistake." To satisfy the rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Vess v. Ciba-Geigy Corp. U.S.A.,* 317 F.3d 1097, 1106 (9th Cir. 2003). In other words, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.*

2. *Krug's theories*[2]

The complaint sets out thirteen "causes of action," all of which are premised on one or both of two basic theories of alleged wrongdoing. Initially, Krug contends that as a result of his loan having been "securitized" and the particular manner in which that was done, the entities now seeking to foreclose lack standing to do so, either because they in fact do not have the legal right to enforce the security obligation, or because, at a minimum, they have not established that they have such a right. These same basic arguments have repeatedly been rejected by the courts in this jurisdiction. *See, e.g., Hafiz v. Greenpoint Mortgage Funding*, Inc., 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009); *Mulato v. WMC Mortgage Corp.*, 2010 WL 1532276 at *2 (N.D. Cal. April 16, 2010). Because the defect arises from an untenable legal argument rather than insufficiency of the facts alleged, leave to amend as to this claim would be futile.

Krug's second basic theory is that the disclosures provided at the time of the loan transaction were false, misleading, and/or inadequate. As presently pleaded, however, this claim fails for at least two critical reasons. First, to the extent Krug attempts to rely on state law, his claims are preempted by the Home Owners' Loan Act, 12 U.S.C. § 1461, et seq. ("HOLA"). To the extent that application of a state statute or tort claim for relief would have the effect of regulating a federal bank's loan terms, disclosure obligations, and similar matters, HOLA preemption applies. *See,*

---

[2] Krug's opposition to the motion to dismiss relies solely on his contentions that the case should be remanded and that defendants are precluded by the default from challenging their liability. Although those arguments fail for the reasons set out above, the adequacy of the complaint will be evaluated on the merits.

4

*Giordano v. Wachovia Mortg., FSB*, 2010 WL 5148428 (N.D.Cal, 2010); *Stefan v. Wachovia,* 2009 WL 4730904 (N.D. Cal. 2009).

Second, even to the extent Krug might otherwise be able to state a claim under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), the complaint fails to plead sufficient facts to avoid the bar of the statute of limitations, which is apparent on its face. A damages claim under TILA is subject to a one-year statute of limitations. *See* 15 U.S.C. § 1640(e). As a general rule, the one-year period runs from the date of the consummation of the transaction at issue. *See King v. California,* 784 F.2d 910, 915 (9th Cir.1986). While "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action," *id.*, the complaint does not set out a factual basis to support any claim of equitable tolling. Furthermore, even if tolling of the one-year limitations period is available as to any claim for damages, any rescission claim is barred by the three-year absolute limitation set out in 15 U.S.C. § 1635(f). *See* King, 784 F.2d at 913.

Finally, defendants contend that all of Krug's claims are barred under principles of judicial estoppel by his failure to disclose their existence during the course of his bankruptcy proceedings in 2009. Again, the complaint fails to plead a factual basis on which the failure to list these claims against defendants as an asset in the bankruptcy might be excused.

3. *Specific counts*

In view of the foregoing, the First through Third, and Fifth through Fifteenth "causes of action" are dismissed without leave to amend.[3] To the extent Krug seeks rescission under TILA, the Fourth "cause of action" is also dismissed without leave to amend. He may amend his damages

---

[3] The claims in the complaint relating to preventing or setting aside any foreclosure are all based on alleged wrongdoing that purportedly occurred in the origination of the underlying loan. Krug has not suggested he holds any claims arising from any defect in the foreclosure process *per se*. Any such claims would not clearly be barred by the statute of limitations, nor would they be preempted under HOLA. *See Ortiz v. Wells Fargo Bank, N.A.*, 2011 WL 4952979, *3 (N.D.Cal. 2011). Although there is presently no indication that Krug has a good faith factual basis to bring claims of that nature, this order is without prejudice to any such claims that may arise.

claim under TILA if he can in good faith allege facts showing that he could not have reasonably discovered the alleged violations of TILA prior to a date within one year of the time the complaint was filed, as well as a basis for not having disclosed the claim in the bankruptcy proceedings. Any amended complaint shall be filed no later than January 27, 2012.

IT IS SO ORDERED.

Dated: 12/13/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

1 | **THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

2 | **Edward M. Krug**
3 | 324 Buttercup Court
Sonoma, CA 95476

4 | DATED:   12/13/11

/s/ Chambers Staff
Chambers of Judge Richard Seeborg