**\*\*E-filed 3/19/12 \*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

EDWARD M. KRUG,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

No. C 11-5190 RS

**ORDER RE MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND**

Defendants move to dismiss the First Amended Complaint. In lieu of opposing the motion, plaintiff Edward M. Krug has filed a motion to withdraw the First Amended Complaint and for leave to file a Second Amended Complaint.[1] Pursuant to Civil Local Rule 7-1(b), the motions are suitable for disposition without oral argument, and the hearing set for March 22, 2012 is vacated.

On December 13, 2011, defendants' motion to dismiss the original complaint in this action was granted. The original complaint contained the thirteen "causes of action," all of which were premised on one or both of two basic theories of alleged wrongdoing. First, Krug alleged that as a result of his loan having been "securitized" and the particular manner in which that was done, the entities foreclosing on his property lacked standing to do so, either because they did not have the

---

[1] Krug noticed his motion for hearing at the same time as defendants' motion to dismiss. Although this does not comply with the requirement of Civil Local Rule 7 that thirty-five days notice ordinarily must be given for any motion, under the particular circumstances here, Krug's motion will be considered.

legal right to enforce the security obligation, or because, at a minimum, they had not established that they had such a right. The December 13, 2011 Order found that such arguments have repeatedly been rejected by the courts in this jurisdiction. *See, e.g., Hafiz v. Greenpoint Mortgage Funding*, Inc., 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009); *Mulato v. WMC Mortgage Corp.*, 2010 WL 1532276 at *2 (N.D. Cal. April 16, 2010). Accordingly, the order dismissed all the claims in the original complaint based on such contentions, *without leave to amend.* See December 13, 2011 Order at 4:13-17; 5:21-22.

The second basic theory set out in the original complaint was that the disclosures provided at the time of the loan transaction were false, misleading, and/or inadequate. The December 13, 2011 Order found that any state law claims based on that theory were preempted by the Home Owners' Loan Act, 12 U.S.C. § 1461, et seq. ("HOLA"). *See, Giordano v. Wachovia Mortg., FSB*, 2010 WL 5148428 (N.D.Cal, 2010); *Stefan v. Wachovia,* 2009 WL 4730904 (N.D. Cal. 2009). Again, no leave to amend was granted as to such claims.

Krug's claims under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), were dismissed because the complaint failed to plead sufficient facts to avoid the bar of the statute of limitations, which was apparent on its face. His rescission claim under TILA was dismissed without leave to amend, because such claims are barred by the three-year absolute limitation set out in 15 U.S.C. § 1635(f), and equitable tolling is not available *See King v. California,* 784 F.2d 910, 913 (9th Cir. 1986). Krug was given leave, however, to amend his claim for *damages* under TILA, in the event he could in good faith allege facts showing that he could not have reasonably discovered the alleged violations of TILA prior to a date within one year of the time the complaint was filed, as well as a basis for not having disclosed the claim in his bankruptcy proceedings. Finally, the December 13, 2011 Order left open the possibility that Krug could bring claims arising from any defect in the foreclosure process, as such claims would not clearly be barred by the statute of limitations, nor would they be preempted under HOLA. *See Ortiz v. Wells Fargo Bank, N.A.*, 2011 WL 4952979, *3 (N.D.Cal. 2011).

Krug then filed his First Amended Complaint, containing 17 "causes of action." Defendants again moved to dismiss, pointing out that many of the claims appeared to be those as to which leave

1  to amend had been denied, and arguing that all of the claims were otherwise defective.  As noted,
2  rather than opposing the motion, Krug moves to withdraw the First Amended Complaint, and for
3  leave to file a Second Amended Complaint.  Krug's proposed new pleading asserts only five
4  numbered "causes of action," one of which is simply a prayer for punitive damages.

Good cause appearing, Krug's motion to withdraw the First Amended Complaint is granted. In light of the liberal policy favoring allowing amendments, and Krug's status as a *pro se* litigant, he will be given another opportunity to amend.  Krug is advised, however, his proposed Second Amended Complaint is not acceptable in its present form.  The December 13, 2011 Order denied leave to amend as to any claims based on the theory that defendants lacked standing to foreclose given the "securitization" of the loan, and Krug has established no basis for reconsideration of that Order.  Any amended complaint must comply with the December 13, 2011 Order, and should only assert federal claims relating to the adequacy of the loan disclosures and/or claims arising from alleged defects in the foreclosure process, unrelated to Krug's contentions regarding "securitization."[2]  Any Second Amended Complaint shall be filed no later than April 7, 2012.

IT IS SO ORDERED.

Dated:  3/19/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[2] It would not be appropriate to engage in a complete analysis of the proposed Second Amended Complaint for potential defects, nor even possible to do so, given that a page appears to be missing from the copy submitted.  Thus, nothing in this order should be taken as implying that the proposed amendments adequately address the statute of limitations and bankruptcy issues identified in the December 13, 2011 Order.  Those issues, and any others, will be addressed when and if there is a challenge to any Second Amended Complaint that is filed.

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Edward M. Krug**
324 Buttercup Court
Sonoma, CA 95476

DATED:  3/19/12

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

4