**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EDWARD KRUG,**<br><br>　　　　**Plaintiff,**<br><br>　　vs.<br><br>**WELLS FARGO BANK, N.A. ET AL.,**<br><br>　　　　**Defendants.** | **Case No.: 11-CV-5190 YGR**<br><br>**ORDER GRANTING MOTION OF DEFENDANT WELLS FARGO BANK, N.A. TO DISMISS WITHOUT LEAVE TO AMEND** |

Plaintiff Edward M. Krug ("Krug") filed a Corrected Second Amended Complaint ("SAC") on April 9, 2012 (Dkt. No. 51) against Defendant Wells Fargo Bank, N.A. alleging claims as follows: (1) misrepresentations of defects in foreclosure process; (2) quiet title; (3) action to remove cloud; (4) violation of TILA, 15 U.S.C. §1601 et seq.; and (5) deceptive business practices under Cal. Business & Professions Code §17200.

Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank, Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB (sued separately as "Wachovia Mortgage, a division of Wells Fargo Bank, N.A." and "World Savings Bank, FSB") ("Wells Fargo") has filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) as to all claims in the SAC on the grounds that Krug fails to state a claim and that Krug has repleaded claims that were previously dismissed without leave to amend.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss without leave to amend.[1]

Procedural History

This court previously granted a motion to dismiss the original complaint in this action on December 13, 2011. (Dkt. No. 30, "Dec. 13 Order.") In that order, the court rejected Krug's contentions that Wells Fargo Bank lacked a sufficient interest or authority to exercise the power of sale in the deed of trust on his property. The court's order dismissed all claims based on that theory without leave to amend. (Dec. 13 Order at 4-5.) With respect to the claims based upon Krug's allegations of false, misleading, and inadequate disclosures provided at the inception of the loan, the court found that those claims were preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. section 1461 et seq., and time-barred by the applicable statutes of limitations. As to Krug's claim for rescission under the Truth in Lending Act ("TILA"), the claim was dismissed without leave to amend as barred by the three-year statute of repose set forth in 15 U.S.C. section 1635(f), and outside limitation that is not subject to equitable tolling. The only matter as to which Krug was given leave to amend was to permit him to state: (1) a claim for damages under TILA in the event that he could allege, in good faith, that he could not have discovered the alleged basis for his claim within one year of its filing, as well as the reasons for his failure to disclose the claim in his bankruptcy proceedings and (2) a claim arising from a defect in the foreclosure process that was not time-barred or preempted. (Dec. 13 Order at 5-6 and n.3).

Krug filed a First Amended Complaint. (Dkt. No. 31.) Defendant filed a motion to dismiss the first amended complaint, pointing out that most of the seventeen claims therein were claims that

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on June 5, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for June 5, 2012.

2

had been dismissed without leave to amend in the Court's prior order. Rather than oppose that motion, Krug sought leave to withdraw the First Amended Complaint and to file a Second Amended Complaint. The court, in an order dated March 19, 2012, granted Krug leave to do so, but with the advisement that his proposed Second Amended Complaint was not acceptable in the form submitted. The court cautioned Krug that, "[t]he December 13, 2011 Order denied leave to amend as to any claims based on the theory that defendants lacked standing to foreclose given the 'securitization' of the loan, and Krug has established no basis for reconsideration of that Order." (Order of March 19, 2012, Dkt. No. 44.) He was given leave to file a Second Amended Complaint in compliance with the prior order no later than April 7, 2012. He filed his "Corrected Second Amended Complaint" on April 9, 2012. (Dkt. No. 51.)

<u>Motion to Strike Request for Judicial Notice</u>

The Court first addresses Krug' Motion to Strike the defendant's request for judicial notice. The motion was filed on May 3, 2012 and noticed for hearing on June 5, 2012. It is unclear when it was served. Assuming it was served and served at the time of filing, such service is inadequate notice under Civil Local Rule 7-2(a), which requires that motions be noticed for hearing not less than 35 days after service. Moreover, the Local Rules require that evidentiary and procedural objections to a motion be contained within the opposition brief, not filed as a separate motion. Civil L.R. 7-4(a). However, in the interests of justice, the Court considers the objections stated therein in connection with this motion.

Krug objects to the request for judicial notice on the grounds that the documents are matters beyond the four corners of the complaint, which the Court should not consider in connection with a motion to dismiss. As a general rule on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court may not consider matters outside the complaint. *See Hal Roach Studios, Inc. v.*

*Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1990); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002). However, there are two exceptions to the general rule. First, a court may consider documents referenced in the complaint, "central" to the claims, and as to which no party questions the authenticity of the copies provided. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Branch, supra,* 14 F.3d at 454. Second, under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of matters of public record. *Mack v. South Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Assoc. v. Solimino,* 501 U.S. 104 (1991). However, the court may not take judicial notice of any disputed facts stated within such public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

Thus, the Court overrules Krug's general objection to judicial notice. The Court takes judicial notice of the following documents submitted: Exh. 1 (note), Exh. 2 (deed of trust), Exh. 3 (TILA disclosures); Exh. 8-12 (filings and orders of the bankruptcy court), Exh. 13 (recorded notice of default). Judicial notice as to all other documents (concerning mergers between the various bank entities connected to the loan here) is denied as irrelevant to the matters before the Court on this motion.

<u>Motion to Dismiss</u>

*Legal Standard*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

4

*First Claim-- Improper Foreclosure Procedures*

Krug's allegations in connection with his claim for "failure to disclose, misrepresentation of defects in the foreclosure process" recite that he entered into a financial agreement called an Option ARM (or "pick-a-payment") loan with World Savings Bank, FSB on April 28, 2005, which was secured by a deed of trust on his residence at 324 Buttercup Court, Sonoma, California. Krug was given a choice of four repayment options, including a negative amortization option, an interest only option, principal and interest over 30 years, or principal and interest over 15 years, with an interest rate that adjusted monthly, but the loan payment amount only adjusting annually. (SAC ¶ 2, 3.) The deed of trust, to account for the negative amortization option, was for approximately $100,000 more than the amount actually borrowed. (SAC ¶ 3.) Krug alleges that although World was the holder of the original note, the note was sold and assigned to an known third party, and the whereabouts of the original note are unknown. (SAC ¶ 16.) He alleges that the workings of the mortgage loan transaction, the negative amortization and the probability that the note would not be paid down were not explained to him. (SAC ¶ 17.) He alleges that he never received closing documents and that, although he later demanded them when he had gone through bankruptcy and was seeking a modification, they were not provided. (SAC ¶ 18-21.)

Krug further alleges that, after unsuccessfully seeking copies of the closing documents, he "tendered payment to cure" and suggested it be put in escrow until the owner of the note could be determined with certainty. (SAC ¶ 22.) He alleges that lawyers and forensic experts have audited the note, and that it appeared that the note had been sold, assigned, and securitized such that World's successors, Wachovia and Wells Fargo, were not the present owners of the note, though no assignment of the note had been recorded. (SAC ¶ 25, 26.) This alleged failure to record an assignment, Krug contends, is a violation of California Civil Code section 2932.5, which requires that

5

a power of sale given to a mortgagee can only be exercised by an assignee if that assignee is duly acknowleged and recorded. Thus, Krug's claims are based on the theory that Defendants have no legal right to or interest in the property. (SAC ¶ 27.)

Nearly identical claims were previously dismissed by the court without leave to amend. (*See* Dec. 13 Order at 4; Notice of Removal, Exh. A [original complaint] at ¶ 4, 184-186, 189-90, 192-94.) Krug offers no basis for reconsideration of that order, nor does he attempt to distinguish the claim here from the prior dismissed claims. The motion to dismiss is therefore GRANTED.

*Second Claim -- Quiet Title*

Wells Fargo claimed that it owned the mortgage on the property as successor in interest to Wachovia and World Savings. (SAC ¶ 31.) Krug alleges that, because the note was sold and separated from the deed of trust, he no longer owes Defendants and they have no standing to proceed with the sale in foreclosure.

Again, this claim is based upon Krug's theory that securitization of the note made the deed of trust unenforceable, and the court has dismissed all such claims without leave to amend. The motion to dismiss is therefore GRANTED.

*Third Claim -- Action to Remove Cloud on Title*

In connection with this claim, Krug alleges both that the securitization of the note made the deed of trust unenforceable by Wells Fargo and that the notice of default here does not comply with the declaration requirements of Civil Code section 2923.5. With respect to the securitization argument, it is subject to the same prior order that dismissed the claim without leave to amend. As to the latter, Krug alleges that the declaration is non-compliant because it does not meet the definition of declaration set forth in California Code of Civil Procedure section 2015.5. This argument was squarely rejected by the California court in *Mabry v. Superior Court,* 185 Cal.App.4th 208 (2010).

6

Further, the court in *Mabry* was clear that the only remedy available for a violation of 2923.5 is a postponement of the foreclosure sale. *Id.* at 221. The remedy sought here by Krug -- to invalidate Defendant's right to enforce the deed of trust, is not available. The motion to dismiss is therefore GRANTED.

*Fourth Claim - TILA*

In connection with his TILA claim, Krug alleges that the Option ARM loan violated the statute and Regulation Z enacted pursuant to it. Krug alleges that Defendant failed to disclose the terms of the Option ARM accurately and conspicuously, as required. First, the payment amounts listed were not based on the interest rate listed, but on a different, lower interest rate. Further, the disclosure indicated that payments would be applied to both interest and principal with payments with payments being insufficient to cover all interest only "from time to time," although Defendant knew that the payments would not be enough to cover all the interest due, and negative amortization was certain to occur. (SAC ¶ 52-59, 65-67.) Krug alleges that Defendant failed to disclose payment caps and "teaser rates" that misled him as to the ultimate effect: that thousands of dollars each month were being added to the principal. (SAC ¶ 74, 75, 77.) He seeks a rescission of the loan agreement, a declaration of violation of TILA, damages, attorneys fees and costs. (SAC ¶ 80.)

The claim for rescission pursuant to TILA was previously dismissed without leave to amend as untimely under the three-year statute of repose. (Dec. 13 Order at 5.) Again, Krug offers no basis for reconsideration of that order or any basis for distinguishing the claim here from the one dismissed.

As to the claim for damages under TILA, Krug was granted leave to amend to allege a basis for equitable tolling, *i.e.* that he could not have discovered the alleged basis for his claim within one year of its filing, as well as the reasons for his failure to disclose the claim in his bankruptcy

7

proceedings. (Dec. 13 Order at 5.) "While 'the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action,' the complaint does not set out a factual basis to support any claim of equitable tolling." (Dec. 13 Order at 5:8-11, *citing King v. California,* 784 F.2d 910, 915 (9th Cir. 1986).)

Wells Fargo argues that the claim as alleged in the SAC is still time-barred, since Krug does not allege facts to show that he was unaware of the misleading disclosures at the time of signing the loan agreement, nor that he was unable to discover those facts if he had acted with reasonable diligence. *See Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1053 (E.D. Cal. 2009), *citing Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006); *see also Arias v. Capital One, N.A.*, 2011 WL 835610, *6 (N.D. Cal. Mar. 4, 2011) (allegations that did not receive copies at the time were insufficient to invoke tolling since plaintiffs did not allege extraordinary circumstances that made it impossible to file a timely TILA claim).

With respect to the timeliness of his claim, Krug alleges in the SAC that the workings of the mortgage loan transaction, the negative amortization and the probability that the note would not be paid down were not explained to him when he entered into the loan. (SAC ¶ 17.) He alleges that he never received closing documents on the loan and never had reason to look for them until later when he was seeking a loan modification in early 2011. (SAC ¶ 18-20.) He alleges that neither he nor his bankruptcy attorney had any reason to think that his lender had committed any wrongdoing and that no issues of ownership of the note were known at the time. (SAC ¶ 19.)

Krug does not plead facts to show that he could not have discovered the basis for his claim if he had acted with reasonable diligence. Krug alleges he never received copies of what he signed, but this does not explain why he did not know the terms in the documents when he signed them or why

he never sought copies of the documents for years even after he began making monthly payments on the rates and terms he says were different than what were represented. Nor does Krug allege any other extraordinary circumstances that prevented him from discovering the facts underlying his claims. In short, the Court finds that Krug's attempt to plead around the statute of limitations bar on a claim for TILA damages fails. The motion to dismiss is therefore GRANTED without leave to amend.[2]

*Fifth Claim – California Business & Professions Code §17200*

Krug alleges that Defendant's wrongful attempts to enforce the deed of trust and deceptive practices in connection with the loan disclosures constituted fraudulent conduct in violation of Cal. Bus. & Prof. Code § 17200. (SAC ¶ 82, 83, 87.) To the extent the claim is based on securitization of the note, it was dismissed as part of the prior order. Moreover, and despite the much longer statute of limitations applicable to a claim under § 17200, Krug has failed to plead a timely claim for the same reasons that the TILA damages claim is time-barred. Krug has failed to plead facts to show that he was unaware of the misleading disclosures at the time of signing the loan agreement, nor that he was unable to discover those facts if he had acted with reasonable diligence.

---

[2] Wells Fargo offered the additional argument that, because Krug failed to tender the claim in his Chapter 7 bankruptcy proceedings, Krug now has no standing to assert it. A cause of action becomes property of the bankruptcy estate upon filing of the petition, even if not listed on the schedules. *Vertkin v. Wells Fargo Home Mortg.*, C 2010 WL 3619798 (N.D. Cal. Sept. 9, 2010) *citing Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 707 (9th Cir.1986) (property of bankruptcy estate included claims asserted regarding wrongful foreclosure). Property that is not abandoned or administered remains the property of the estate even after the case is closed. *Brown v. Wachovia Mortg. Corp.*, 2011 WL 4352524 *2 (C.D. Cal. Sept. 16, 2011) *citing In re Lopez* 283 B.R. 22, 28 (9th Cir. BAP 2002) (because claims became property bankruptcy estate when Chapter 7 bankruptcy commenced, homeowner lacked standing to bring claims regarding foreclosure). The Court agrees that Krug does not sufficiently allege why the claim should not be barred for failure to raise it in bankruptcy, or why it does not belong to the bankruptcy estate. This would provide an additional basis for dismissing the TILA claim as well as the claim under Cal. Bus. & Prof. Code §17200 insofar as it alleges misleading disclosures as its basis.

Therefore, the motion to dismiss is **GRANTED**. No leave to amend is granted as it is clear that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

The Corrected Second Amended Complaint is therefore **DISMISSED** in its entirety. Defendant Wells Fargo shall prepare and submit a proposed form of judgment of dismissal with prejudice.

**IT IS SO ORDERED.**

Date: June 1, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**