**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EDWARD KRUG,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**WELLS FARGO BANK, N.A. ET AL.,**<br><br>    **Defendants.** | Case No.: 11-CV-5190 YGR<br><br>**ORDER GRANTING MOTION OF DEFENDANT WELLS FARGO BANK, N.A. FOR AN AWARD OF ATTORNEYS' FEES** |

Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank, Southwest N.A. f/k/a Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB ("Wells Fargo") brings this motion for an award of attorneys' fees after the Court granted its most recent motion to dismiss without leave to amend. Wells Fargo Bank seeks attorneys' fees based upon provisions of the written agreements that underlie the complaint herein. No opposition has been filed to the motion.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion for an Award of Attorneys' Fees.[1]

The Supreme Court has recognized that, while it is appropriate for the district court to exercise its discretion in determining an award of attorneys' fees, it remains important for the court to provide "a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart,*

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **August 14, 2012**.

461 U.S. 424, 437 (1983); *see also Hall v. Bolger,* 768 F.2d 1148, 1151 (9th Cir.1985) (court should provide an explanation of the reasonable hours and hourly rate it uses to arrive at fee award).

State law governs the interpretation and application of contractual attorneys' fees provisions. *See Resolution Trust Corp. v. Midwest Fed. Savings Bank,* 36 F.3d 785, 800 (9th Cir. 1993) (applying California law to interpret contract that included fee-shifting provision); *Berkla v. Corel Corp.,* 302 F.3d 909, 919 n. 11 (9th Cir. 2002). California Civil Code § 1717 provides for an award of reasonable attorneys' fees to a prevailing party where the contract underlying the dispute includes a provision for an award of attorneys' fees incurred to enforce the agreement. "If a contractual attorney fee provision is phrased broadly enough, it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims." *Lockton v. O'Rourke,* 184 Cal. App. 4th 1051, 1076 (2010). A broad fee clause entitles a party "to fees incurred in defending itself against 'interrelated' allegations of fraud." *Abdallah v. United Savings Bank,* 43 Cal. App. 4th 1101, 1111(1996) (fees incurred by bank in defending against claims of fraud arising from note and deed of trust were covered by the fees provision in those agreements).

Here, both the promissory note and deed of trust contain attorneys' fee provisions. The promissory note provides at paragraph 7(E) that the lender will have the right to be paid back for all costs incurred in enforcing the Note, including attorneys' fees. (*See* Notice of Removal, Exh. A [Complaint] at p 155 [Exh. C to the original complaint, Promissory Note].) The Deed of Trust provides that if someone, including the borrower, initiates legal proceedings that could affect the lender's rights in the property, then the lender may take whatever action it deems necessary, including incurring attorneys' fees, which the borrower must repay. (*See* Notice of Removal, Exh. A [Complaint] at p 165 [Exh. D to the original complaint, Deed of Trust].) The bank's actions here, in defending against Plaintiff's claims to invalidate the loan and the deed of trust on a variety of theories, is fully within the scope of both attorneys' fees provisions.

It is clear that Wells Fargo is the prevailing party, have successfully moved to dismiss the claims against it. Thus, the only remaining questions are whether the hours and hourly rates sought by Wells Fargo are reasonable.

In the Ninth Circuit, reasonable attorneys' fees are determined by first calculating the "lodestar." *Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir.1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir.1996). There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan,* 815 F.2d at 1262. In calculating a reasonable number of hours, the applicant must justify his or her claim by submitting detailed time records. The court may adjust these hours down if it believes the documentation to be inadequate, if the hours were duplicative, or if the hours were either excessive or unnecessary. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir.1986). Reasonable fees are generally calculated according to the prevailing market rates in the forum district. *Gates v. Deukmejian,* 987 F.2d 1392, 1405 (9th Cir.1992). Upward adjustment of the lodestar is warranted only in extraordinary cases. *Chalmers,* 796 F.2d at 1212.[2]

The Court is satisfied that the hourly rates of the attorneys involved are reasonable for attorneys with comparable levels of experience working on similar issues in this market. As to the reasonable number of hours, the Court finds that the hours should be limited to: 97 attorney hours at $320 per hour, plus 14.4 paralegal hours at $155 per hour, for a total of $30,432.00 incurred up until the time of judgment. As to the fees incurred in bringing the instant motion, the Court finds that two hours' time at $320.00 per hour, for a total of $640.00 is reasonable. Therefore, Wells Fargo Bank is awarded a total of $31,072.00 as reasonable attorneys' fees.

This order terminates Docket No. 64.

**IT IS SO ORDERED.**

**Date: August 8, 2012**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] In establishing the reasonable hourly rate, the district court takes into account such factors as: (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, (4) the results obtained and (5) the contingent nature of the fee agreement. *City of Burlington v. Dague,* 505 U.S. 557, 562–63, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). These factors are subsumed in the initial lodestar calculation, and should not serve as independent bases for adjusting fee awards. *Morales,* 96 F.3d at 363–64.